Potter, J.
As my examination of these amendments in their application to the case of Lust necessarily involved an examination of the other amendments as applicable to cases like Salomon’s, who had been imprisoned within the liberties of the jail for six months, and incidentally to another class* *223 who have been imprisoned within the jail six mouths under orders of arrest simply and without bail of any kind, I have thought it would serve economy of time to give my views of these classes of cases in one opinion.
It may be well at the outset to consider the state of the-law existing when these amendments to it were made, the evils to be corrected and the objects to be attained by the amendments.
Power was given by the existing laws to enforce liabilities in civil actions by imprisonment of the person under1 certain circumstances for long and undefined periods, and such power was exercised in numerous cases to the fullest extent of which the power was susceptible.
A sense of common humanity, springing from the people : of the State, prompted the late legislature to reduce and fix the limit of imprisonment as a means of enforcing a civil liability.' Accordingly the legislature passed the act under consideration, and by section 7 of it, gave it immediate effect, and declared it applicable to all imprisoned debtors, not simply to those rvho should be thereafter imprisoned, but to all who then were in actual confinement, or within the jail liberties, under any mandate against the person theretofore issued.
Nor did the legislature stop with this declaration of the law and leave it for the prisoner to avail himself of its benefits by his own action, but it imposed the duty upon the sheriff of each county within the State to . discharge within five days from the passage of the law all persons in their custody who are entitled to be discharged under section 111 of the Code as amended.
That brings us to the consideration of section 111, which is as follows:
“ Sec. 111. No person shall be imprisoned within the prison walls of any jail for a longer period than three months under an execution or any other mandate against the person to enforce the recovery of a sum of money less than five hundred dollars in amount, or under a commitment upon a fine for contempt of court in non-payment of alimony or counsel fees in a-divorce case where the amount so to be paid is less than the' *224 sum of five hundred dollars, and where the amount in either of said cases is five hundred dollars or over, such imprisonment shall not continue for a longer period than six months. It shall be the duty of the sheriff, in whose custody any such person is held, to discharge such person at the expiration of said respective periods without any formal application being' made therefor. No person shall be imprisoned within the jail liberties of any jail for a longer period than six months upon any execution or other mandate against the person, and no action shall be commenced against the sheriff upon a bond given for. the jail liberties by such person to secure the benefit of such liberties as provided in articles fourth and fifth of this title for an escape made after the expiration of six months’ imprisonment as aforesaid. Notwithstanding such a discharge in either of the above cases, the judgment creditor in the execution, or the person at whose instance the said mandate was issued, has the same remedy against the property of the person imprisoned which he had before such execution or mandate was issued,' but the prisoner shall not be again imprisoned upon a like process issued in- the same action, or arrested in any actioiiupon any judgment under which the same may have, been granted. Except in a case hereinbefore specified, nothing in this section shall affect a commitment for contempt of court.”
I quote the entire section in order to present the general scheme and spirit of the act. It is the plain intention of the legislature to embrace within the benign influence of this section every person then or thereafter imprisoned, either within the prison walls or within the liberties of any jail, and whether under any execution or any other mandate against the person, and to limit their imprisonment to the specified periods of three months for the recovery of sums under five hundred dollars, and to six months for the recovery of sums of five hundred dollars and over. It is then made the active duty of the sheriff to discharge all such persons without condition or exception from his custody after the expiration of such period and without any formal application being made therefor. The next paragraph of the section is: “No-person shall be impris *225 vnud within the jail liberties of any jail for a longer period than six months upon any execution or other mandate against the person, and no action shall be commenced against the sheriff upon a bond given for the jail liberties by such person to secure the benefits of such liberties as provided in articles fourth and fifth of this title for an escape made after the expiration of six months3 imprisonment, as aforesaid.”
There would not seem to be any room for doubt or cavil in relation to the meaning of this paragraph. Imprisonment within the jail liberties of a jail has a fixed and well-defined legal signification. (Peters v. Henry, 6 J. R., 121; Brown v. People, 75 N. Y.,438,440.) It cannot now and never could have resulted but from one course of procedure, and that was and is for the person imprisoned, whether under an order of arrest or execution against the person, to give the sheriff having him in custody a bond, if he is in custody under an order of arrest, in a penalty of twice the sum in which the sheriff was required to hold him to bail, or if lie is in custody under an execution, then a bond in a penalty twice the sum directed to be collected by the execution. (Code Civ. Pro., §§ 149, 150.)
The prisoner, whether he is held under an execution against his body or an order of arrest, is entitled to give bond for the liberties of the jail, and having given the bond provided by statute is absolutely entitled to be discharged from such imprisonment after six months under the amendment of section 111 of the Code, whether such imprisonment was originally under an execution or any other mandate against his person.
However counsel may discuss or criticise the language in the former part of section 111, via., under an execution or any other mandate against the person to enforce the recovery of a sum of money, such criticism or restricted meaning has no application to the words “ or other mandate against the person” in the third paragraph of the section. I am quite clearly and decidedly of the opinion, after such examination as my limited time would allow of the state of the law before these amendments, that the purpose and effect of these amendments were to limit the period of imprisonment in civil actions to six *226 mouths, or at least to six months upon any one process that can be employed in the course of a civil action, except for contempt of court in other respects than the non-payment of alimony and expenses of matrimonial actions. It seems to me that the purpose and language of the law and amendments, and their harmony and consistency, require such construction. Some of the reasons for such construction will be found- in the fact that the act is to take effect from the day of its passage, and its direct effect in express terms was to discharge all persons, whether restrained in actual confinement within the said walls or within the jail liberties under any mandate against the person. There was no constitutional consideration in the way of passing such an act, for these provisions of law have relation to the remedies for rights and not the rights themselves. It is, moreover, a humane and remedial act, and as such should receive a liberal construction, and that construction which will best promote the object of the legislature.
This view that six months is the maximum period of imprisonment is confirmed by the provisions contained in section 572 of the Code as amended, that the plaintiff is no longer to have the absolute right to imprison the defendant in a civil action.
If the plaintiff unreasonably delays the trial or neglects to enter judgment or to issue execution against the person for ten days after it is in his power to do either, or for three months in any event, or where the plaintiff in an action or a judgment creditor delays the enforcement of his remedies by collusion or for the purpose of allowing the defendant to remain in prison under a mandate in another action before issuing the mandate which he may issue so as to produce a continued and extended imprisonment by virtue of separate mandates in different actions, the defendant may apply to the court to be discharged from custody in the action in which he is imprisoned or to be relieved altogether from imprisonment under a mandate in another action in which he has not been imprisoned, and when so discharged he shall not be arrested upon any execution issued upon the judgment in said action. Nor do I think it a very *227 serious or weighty consideration in the construction of this act that the language employed in the fore part of section 111 is “ Or any other mandate against the person to enforce the recovery of a sum of money.”
An order of arrest is a mandate. It is an order by a court or judge commanding the sheriff to arrest the defendant, and to detain him until he shall give one .of the bonds conditioned as, or make the deposit as, required by law for his release (sec. 3243).
Justice Coriett held, in so many words, in N. Y. Central, etc. R. R. Co. v. Shepard (1 N. Y. State Rep., 77*), that an order of arrest in that case granted by a judge is a mandate. The language above quoted is used to characterize the action—like the phrase, “ An action for the recovery of a sum of money,” or “ An action for the recovery of money only,” and to distinguish from actions for equitable relief or matrimonial actions or actions for specific performance, in which orders or mandates to imprison arise from contempt of court for disobedience to its judgments or orders.
It may be well, for distinction sake, to characterize orders of arrest in actions for the recovery of a sum of money in this way, and when used in the alternative with “ execution ” its meaning clearly indicates a class of mandates distinct from executions. If it means the same thing as “ execution,” then the legislature was guilty of tautology. It may be said in an inexact sense, that an order of arrest is a mandate against the person to enforce the recovery of a sum of money; not necfes-' sarily a recovery already had, for that would be an execution, but a recovery to be in the progress of the action. Its office is to have the defendant where the sheriff may, without going outside of his county, take the defendant’s body in enforcing the judgment for the recovery of money. .This mandate is satisfied in law when the defendant shall give the sheriff a bond that he will be amenable to the process of the court, viz., an execution upon the judgment, or a bond that he will not depart the liberties, and so be amenable to the execution to en *228 force the recovery. The practical effect is the Same in either case.
How we have before seen that the defendant may become a prisoner upon the liberties, whether arrested upon a judge’s order or upon an execution, and when a prisoner upon the liberties, he is absolutely entitled to his discharge after he has been within the jail liberties six months. It would appear very anomalous indeed that a defendant may be arrested and confined within the walls of a jail indefinitely upon a judge’s order, and yet by giving bond for the liberties after his arrest upon such order, he could have the freedom of the whole city and county of ¡New York for six months, and after that expired the freedom of the whole world.
The construction that the maximum time of imprisonment is six months, will avoid another inconsistency, and which would seem to be a hardship. . Under an execution against the person where the defendant’s fraud or wrong is proved and adjudicated, it is conceded he can only be imprisoned for a period of six months, but yet it is claimed that under a judge’s order of arrest, though his fraud or wrong has not been proved or adjudged, and may never be, he may be imprisoned indefinitely.
The title of the act under consideration and the various sections, not relating to executions, amended by it, would indicate that it was not intended to apply solely to imprisonment under executions.. The title of the act is “ An Act to amend the Code of Civil Procedure.”
There are amendments of various sections of the Code in relation to imprisonment under executions and mandates in order of arrest, and the sections amended are to be found in chapters 2 and 7 of the Code, the former of which is entitled “ Powers, duties and liabilities of a sheriff or other ministerial officer in the execution of the process or other mandate of a court or a judge in a civil action,” and the latter is entitled “ General provisional remedies in an action.”
¡My conclusion is that the relator and the defendant are entitled to be discharged from imprisonment:
II. General Term,] January^ 1887.
There was no appeal in the proceedings for the discharge of Lust. The plaintiffs in the action against Salomon having appealed from the order discharging him from imprisonment, this decision was affirmed by the General Term (Yah Beuht, ' P. J., Bbady and Dahiels, J. J.) upon the opinion of the Special Term.
Note oh Bischabge pbom Imbbisohmeht.
The provisions of the Act of 1886 will be more readily understood when paragraphed and indexed thus:
Imprisonment on execution.] See. Ill [as amended in 1886].
Prison -walhi] No person shall be imprisoned within the prison -walls of any jail for a longer period than three months—(1) under an execution or any other mandate against the person, to enforce the recovery of a sum of money less than five hundred dollars in amount, or (2) un - der a commitment upon a fine for contempt of court in the non-payment of alimony or counsel fees in a divorce case where the amount so to he paid is less than the sum of five hundred dollars; and where the amount in either of said cases is five hundred dollars or over, such imprisonment shall not continue for a longer period than six mouths.
Sheriff’s duty.] It shall be the duty of the sheriff in whose custody any such person is held to discharge such person at the expiration i f said respective periods without any formal application being made therefor.
Jail liberties.] No person shall be imprisoned within the jail liberties of any jail for a longer period than six months upon any execution or other mandate against the person.
Sheriffs liability.] And no action shall be commenced against the sheriff upon a bond given for the jail liberties by such person to secure the benefit of such liberties, as provided in articles 4 and 5 of this title, for an escape made after the expiration of six months’ imprisonment as aforesaid.
Remedies saned.] Notwithstanding such a discharge in either of the above cases, the judgment creditor in the execution, or the person at whose instance the said mandate was issued, has the same remedy against the property of the person imprisoned which he had before such execution or mandate was issued; but the prisoner shall net be again imprisoned upon a like process issued in the same action or arrested in any action upon any judgment under which the same may have been granted.
*230 Contempt (other than for alimony) excepted.] Except in a case herein-before specified, nothing in this section shall affect a commitment for contempt of court.
Other important changes are made by the same statute (c. 673) in the law of arrest. The well-known sections 549 and 550, in which the grounds of arrest hitherto allowed were divided according as they were involved in or extrinsic to the cause of action itself, have been recast so that all grounds of arrest are now treated together in section 549, and required to be shown by the complaint, save only the ground of an apprehended absence from the jurisdiction, such as to threaten the defeat of specific relief (corresponding with the ground for the old writ of ne exeat), which is alone treated by the present section 550.
By these changes, the conversion or misapplication of property in a fiduciary capacity, and the disposal or removal, actual or intended, of property to defraud creditors, which are still recognized as grounds of arrest, and even the removal of a chattel sued for in replevin, must be alleged in the complaint and proved on the trial; although failure to prove the allegation, and consequent judgment for defendant, do not bar a new action.
The obvious intent of these changes is to bring the facts relied on to justify arrest (with the single exception of arrest corresponding to the old ne exeat), into the record as issuable facts, so that a defendant will know whether he is charged with wrong, as well as breach of contract, and so that the judgment record will show whether he is liable to execution against the person.
I The result of these changes, therefore, is that custody under execution, and equally, as held in the text, under an order of arrest, is in a’l cases limited to six months under any one process, and in case of me. demands of less than $500, to three months; and that, in order to seem imprisonment, even for these limited periods, the ground of arrest must be alleged in the complaint.
There remains the class of cases corresponding to the former writ of ne exeat, which may be briefly thus described: Where the action is for relief, involving the performance of an act, the neglect or refusal to perform which, if adjudged, would be punishable as a contempt; a person who is not a resident of the State, or, being a resident, is about to depart therefrom, causing danger that a judgment or order for the performance of the act will be rendered ineffectual, may be arrested by order of court, either before or after final judgment, and required to give security that he will obey the direction of the court requiring such act, or in default of so doing, that he will at all times render himself amenable to proceedings to punish.
.This provision has not been very frequently, invoked, and perhaps *231 the anomalies which these amendments leave in the statute may not bo frequently of practical importance; but it is worth observing that under the amendment on which the case in the text turns, as there construed, defendant cannot be thus kept within the jurisdiction for more than six months, although if he is put in contempt, and remains, or can be found within the State thereafter, he may be proceeded against for contempt, and the new act will not limit the period of imprisonment on such process.
It is to be observed that the statute, in its application to the rules of pleading, does not require the evidence to be set forth, as it must be in the affidavits upon which to obtain an order of arrest, but simply the allegation of the tort. The allegations, of course, should be sufficiently full and explicit to leave no room for doubt of the pleader’s intent, and to admit the requisite evidence of the wrong upon the trial.
The doctrine of the case in the text was opposed in contrary decisions (made before the affirmance above reported), as follows:
In People ex rel. Cohen v. Grant (N. Y. Supreme Court, First District, Special Term at Chambers, October, 1886), it was held that an order of arrest in an action brought by a wife to obtain a separation from her husband was not a mandate for the recovery of a sum of money within section 111, as amended by the act of 1886, and a motion for the defendant’s discharge from imprisonment under the order of arrest, though after judgment for the plaintiff had been recovered, was denied.
Certiorari for the discharge of the relator from imprisonment.
The material facts appear in the opinion.
McCarthy, Lawrence <6 Buckley, for the relator.
Cochran & Clark, for the respondent.
Aaron Levy, for the plaintiff, Mrs. Cohen.
Amdbews, J.—The relator was arrested by the respondent, who is the sheriff of the city and county of Hew York, under an order of arrest granted in an action brought by Fanny Cohen, the relator’s wife, to procure a separation. The action has been tried, and judgment entered in the plaintiff’s favor, and the defendant is required by such judgment to pay the plaintiff alimony at the rate of $7 a week, from April 22, 1886, and $100 counsel fee and expenses, and to give security for the payment of such alimony; but no proceedings under such judgment have been taken, and it appears upon the return to the writ of certiorari that the relator is still held under the original order of arrest.
It was decided by Judge Potter that an order of arrest is a mandate *232 ■against the person to enforce the recovery of a sum of money (People ex rel. Lust v. Grant [reported ante]); but this decision is iu conflict wii h nose of Judge Van Brunt in People ex rel. Rodding v. Grant, not reported [reported infra], of Judge Corlett in N. Y. Central R. R. Co. v. Shepard (1 N. Y. State Rep., 77) [see infra, p. 234], and of Judge McAdam in Warshauer v. Webb. [See infra.]
The three decisions last mentioned were, as I understand, rendered in actions where judgment for a sum of money only was sought, and if they were correctly decided, a fortiori an order of arrest in an action brought by a wife to obtain a judgment of separation from her husband is not a mandate to enforce the recovery of a sum of money.
As the relator is not imprisoned under an execution, nor under a commitment upon a tine for contempt of court in the non-payment of alimony or counsel fees in a divorce case, nor, according to the weight of authority as the decisions now stand, under a mandate to enforce the recovery of a sum of money within the meaning of section lit of the Code as amended by section 3 of chapter 672 of the laws of 1886, I am constrained to deny the motion for his discharge.
An appeal, which presents the precise question involved in this case, is pending at the general term, and, as the matter is one of great importance, not only to the relator and the sheriff in this case, but in all cases where orders of arrest have been or shall be granted, I have deferred my decision for a short time, hoping that, before rendering it. I might have the benefit of knowing what views are entertained by the appellate branch of the court as to the proper construction of section 8 of said chapter 672.
As it seems to be uncertain, however, when the appeal will be disposed of, I must decide the question according to the light I now have, and the motion will be denied, but without Costs.
In Warshauer v. Webb (N. Y. City Court, Special Term,; September, 1886,) it was held, that the amendment of section 111 by the act of 1886, c. 672, did not relate to defendants imprisoned under an order of arrest, but only to those detained on final process, and a motion to vacate the arrest was denied.
Motion to vacate arrest and to direct the return of deposit made in lieu of bail.
W. JS. H. Russell, for the defendant and the motion.
M. Goodhart, for the plaintiff, opposed.
McAdam, C. J.—The act of 1886; chap. 672, section 5, limiting the period of imprisonment of debtors in jail on civil process, relates to those detained on final process and not to those held under orders of ar *233 rest. The different sections of the act sufficiently discriminate between mesne and final process to show that the term “mandate,” which might otherwise have been held to include an order of arrest (Code, sec. 3848, subd. 2), was not used in the sense which justifies such a construction. The term mandate was used to denote final process, and was not to be confounded with orders of arrest, which the legislature by this very act continued in force by the use of plain and unmistakable language.
It is hardly possible that the legislature could have intended by one section to authorize arrests upon order of the court or any judge thereof, to be granted at the commencement of the action, and in the next section provide, in effect, that, if the case of the defendant so arrested was not reached upon the calendar and disposed of within three months (where the amount involved was less than §500) or within six months (where the amount exceeds that sum), the defendant was to be di-charged as of course, when the very object of the arrest was to secure the defendant’s appearance to answer the final writ which might lie issued against him after the trial was had. Such a construction would do violence to every just principle of interpretation and destroy the utility of arrests in civil actions as a provisional remedy. It would render valueless the bonds required from arrested debtors to render themselves amenable to final process, and would destroy the security of any deposit made in lieu of bail for appearance to answer final process.
The present case furnishes an illustration of this consequence. The defendant on his arrest deposited §1700 in lieu of bail, and now moves to vacate the arrest, and to have his deposit returned to him under the act of 1886, because more than six months have elapsed since the time of his arrest. The act, according to my interpretation, furnishes no such right, and is not capable of any such meaning. To this extent I disagree with the opinion of Potter, J., in People, ex rel. Lust v. Grant [reported ante], and concur in the opinion of Corlett, J., (in N. Y. Central R. R. Co. v. Shepard) 1 N. Y. State Rep., 77. [See infra.] Habeas carpus certainly would not lie in this instance, because the defendant is neither deprived of his liberty, nor of any rights which the act of 1886 guarantees.
The motion to vacate the order of arrest, or to direct a return of the deposit made in lieu of bail, will therefore be denied, but without costs.
In Dolan v. Knapp (N. Y. Superior Court, Special Term; October, 1886), it was held, in an action of replevin, that the defendant could not be discharged from imprisonment on the limits under an order of arrest, before trial of the action, merely because.six months had elapsed since the order of arrest was executed.
*234 Motion for the discharge of defendant from arrest.
The nature of the action and the material facts appear in the opinion.
W. V. Severance {Townsend, Dyett & Einstein, attorneys) for the defendant and the motion.
S. F. Kneeland for the plaintiff, opposed.
Wm. JS. Clark {Cochran & Clark, attorneys) for the sheriff, opposed.
Freedman, J.—In this action, which is in replevin, the defendant was arrested upon an order of arrest, and gave bail in the sum of $3000 for the jail limits of the city and county of Mew York. The ground of arrest was the intentional disposition by the defendant of the chattels to recover which this action is brought, in such a way that they could not be found or taken by the sheriff. The defendant moves for his discharge from arrest and imprisonment on the limits under chapter 673 of the laws of 1886, and the sole ground of the motion is that, although the order of arrest has never been vacated, nor the issues in the action tried, more than six months have elapsed since the arrest and the giving of the bail.
It was shown by Mr. Justice Andrews in People ex rel. Cohen v. Grant,* that, as the decisions under the said statute now stand, the weight of authority is that the statute referred to relates to prisoners detained on final process and not to such as are held under orders of arrest during the pendency of the action.
In following the weight of authority thus pointed out, I call attention, by way of addition, to the well settled rule óf statutory interpretation enforced in Hickey v. Taaffe (90 N. Y., 204), which is to the effect that a word, having in general use a broader significance than others in connection with which it is used, if used with words of limited meaning which have received in the same act a particular application, must be referred to things of the same kind as those specified and to which the other words are referred.
The motion must be denied with $10 costs.
In N. Y. Central, etc., R. R. Co. v. Shepard, it was held, by Corlett, J., at the Supreme Court, Special Term, Eighth District, June, 1886 (decision reported in 1 N. Y. State Reporter, 77), in an action for the conversion of funds of the plaintiff (contrary to the decision in the text), that the act of 1886 did not apply to imprisonment under orders of arrest, the court laying special stress upon the title of the act—“Imprisonment on Execution ”—following the decision of Van Brunt, J. (Supreme Court, Special Term, First District; June, 1886), in People ex rel. Roddinga. Grant, denying an application for discharge from imprisonment under an order of arrest (without opinion).

 See further reference to this case in note, post, p. 384.

 Reported ante, p. 231.